# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 6, 2009

## DOCK WALKER v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6307     Joseph H. Walker, III, Judge**

---

**No. W2009-00989-CCA-R3-HC  - Filed March 31, 2010**

---

The pro se Petitioner, Dock Walker, appeals as of right from the Lauderdale County Circuit Court's summary dismissal of his petition for a writ of habeas corpus.  The habeas corpus court denied the petition for failure to state a cognizable claim.  Following our review, we affirm the judgment of the habeas corpus court.

 **Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Dock Walker, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The record reflects that on March 30, 1970, a Shelby County jury convicted the Petitioner of robbery with a deadly weapon, and he was sentenced to one hundred years incarceration.  A judgment from this court dated April 8, 1971, affirming the Petitioner's conviction is also attached to the petition for writ of habeas corpus.[1]  On April 24, 2009, the Petitioner filed a petition for a writ of habeas corpus alleging that his convictions are void and sentences expired due to (1) the insufficiency of the indictment charging him with

---

[1]  While housed at Brushy Mountain State Prison, the Petitioner was also convicted of the 1981 stabbing of James Earl Ray, for which he received a sixty-year sentence to be served consecutively to the one hundred year sentence for the robbery with a deadly weapon conviction.  State v. Dock Walker, No. 950 (Tenn. Crim. App., at Knoxville, June  June 1, 1984).

robbery with a deadly weapon and (2) the improper enhancement of his sentence – a veiled reference to Blakely v. Washington, 542 U.S. 296 (2004). The habeas corpus court summarily dismissed the petition based upon its findings that the indictment sufficiently charged the offense and Petitioner's failure to state a cognizable claim. On appeal, the Petitioner asserts the same allegations. The State contends that summary dismissal was appropriate. Following our review, we agree with the State and affirm the judgment of the habeas corpus court.

ANALYSIS

"[I]n Tennessee, [the] grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1968). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." See Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Typically, a challenge to the sufficiency of an indictment is not cognizable in a habeas corpus proceeding. See Haggard v. State, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Turning to the validity of the indictment challenged by the Petitioner, the indictment states that the Petitioner and two codefendants:

> did unlawfully, feloniously, violently and by the use of deadly weapons, to wit, PISTOLS, forcibly make an assault on the person of T.D. McGEE and putting him in great danger and bodily fear of his life, and did then and there unlawfully and feloniously and with force and violence aforesaid, steal, take and carry away from the person of T.D. McGEE the sum of one thousand eight hundred ninety [and] 73/100 ($1,890.73) Dollars, good and lawful money of the United States . . . .

We conclude that this indictment sufficiently states the offense of robbery with a deadly weapon. We further note that claims that a sentence was enhanced in violation of a petitioner's Sixth Amendment rights have been repeatedly held to be inappropriate for habeas corpus review. See, e.g., Gary Wallace v. State, No. W2007-01949-CCA-R3-CO, 2008 WL 2687698, at *2 (Tenn. Crim. App. July 2, 2008); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App. Mar. 27, 2008), perm. app. denied (Tenn. Sept. 29, 2008); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App. Nov. 13, 2007), perm. app. denied (Tenn. Apr. 7, 2008). For these reasons, the judgment of the habeas corpus court is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE